IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-17-MJ-93 |
| | § | |
| ALISA NANETTE KIMBLER | § | |

## ORDER OF DETENTION

On June 27, 2017, the Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government moved for the detention of the Defendant, **Alisa Nanette Kimbler** under 18 U.S.C. §3142(f)(1)(B), (E). The Government offered the testimony of F.B.I Agent Richard Rennison; **Kimbler** offered no evidence. The Court also noted in the record that the Pretrial Services Agent recommended detention. Having now considered all of the evidence the Court issues the following findings of fact and conclusions of law.

The Court **FINDS** that pursuant to the Complaint there is probable cause to believe that the Defendant, **Alisa Nanette Kimbler**, has committed the felony offense of Conspiracy to Commit Sex Trafficking of a Minor in violation of 18 U.S.C. §1594(c).

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of the **Alisa Nanette Kimbler** pending trial in this case:

1. That the alleged offense established **Kimbler's** participation in an ongoing conspiracy, led in significant part by a "close" life-long acquaintance, which

involved, *inter alia*, knowingly providing drugs to minors and making them available for engaging in commercial sex acts with "customers" solicited by the conspiracy via a Backpage.com website which displayed, *inter alia*, a photo of a minor victim of the conspiracy involved in a sex act with **Kimbler**;

2. That the strength of the Government's case is substantial given **Kimbler's** confessed participation in acts in furtherance of the conspiracy;

3. That **Kimblers'** participation in the conspiracy was confirmed by interviews with one of four minor victims of the conspiracy, a known sixteen year old female who related that, *inter alia*, **Kimbler** would "make" her engage in some of her 10 to 15 commercial sex acts with "customers" during a three day period in February 2017;

4. That the conspiracy has and, at present, continues to pose a danger to persons in the community, including other minor victims known or unknown by law enforcement to be involved in the conspiracy's trafficking;

5. That **Kimbler** has no recent history of any legitimate employment to support herself;

6. That **Kimbler** has been convicted of a number of misdemeanors, including evading arrest and drug offenses, and is currently the subject of a detainer from Matagorda County, Texas, for a state felony drug offense for which she was unable to post bail prior to being taken into federal custody on this much more serious felony offense with a maximum penalty of "Life" imprisonment;

7. That **Kimbler** poses a serious risk of non-appearance because she is virtually homeless with no place to reside except a friend's home who is employed as a truck driver and is often away and who has imposed conditions upon her stay which she likely will not follow as has been the case a number of times in the past when, as now, he offered to allow her to stay in order to "dry out," but then had to "kick her out" for noncompliance;

8. That if a presumption of detention exists in this case by the substantive crimes which are the goal of the conspiracy, violations of 18 U.S.C. §1591, **Kimbler** has not rebutted the presumption of detention;

9. That if no such presumption exists for a violation of the alleged statute 18 U.S.C. §1594(c), there is insufficient evidence presently before the Court from which the Court can conclude that there is a reasonable assurance of **Kimbler's** appearance as needed and the safety of other persons and the community;

10. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Kimbler** by this Court to reasonably assure her appearance as required and the safety of any other person and the community if she were released.

It is, therefore, **ORDERED** that **Alisa Nanette Kimbler** be, and she is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Alisa Nanette Kimbler SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Alisa Nanette Kimbler** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this \_\_\_\_28th\_\_\_\_ day of June, 2017.

_____
John R. Froeschner
United States Magistrate Judge